IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE HARMS, et al., | No. 10-01598 CW |
|     Plaintiffs, | ORDER DENYING <u>EX PARTE</u> MOTION FOR TEMPORARY RESTRAINING ORDER |
|   v. | |
| RECONTRUST COMPANY, N.A., et al., | |
|     Defendants. | |

Plaintiffs Dale and Laurie Harms move <u>ex parte</u> for a temporary restraining order prohibiting Defendants from conducting a trustee sale of Plaintiffs' property located at 930 W. Cypress Rd., Oakley, CA 94561.

A temporary restraining order may be issued without providing the opposing party an opportunity to be heard only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). "The standard for issuance of a temporary restraining order is the same as that for issuance of a preliminary injunction." <u>Burgess v. Forbes</u>, 2009 WL 416843, at *2 (N.D. Cal.). To obtain a preliminary injunction, the moving party must "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an

injunction is in the public interest." <u>Winter v. Natural Res. Def. Council, Inc.</u>, ___ U.S. ___, 129 S. Ct. 365, 374 (2008).

Plaintiffs have failed to demonstrate that a temporary restraining order should be issued. First, Plaintiffs argue that Defendants have no standing to foreclose on their house because Defendants do not presently own or possess the promissory note secured by the deed of trust. However, possession of the note does not necessarily affect the validity of a non-judicial foreclosure sale. <u>Roque v. Suntrust Mortgage, Inc.</u>, 2010 WL 546896, *3 (N.D. Cal.) ("Uniformly among courts, production of the note is not required to proceed in foreclosure and similarly no production of any chain of ownership is required."). Second, Plaintiffs have not submitted any evidence demonstrating that they have a viable claim to enjoin the foreclosure sale, and thus it is impossible to find that they are likely to succeed on the merits. Second, they have not identified the date of any potential foreclosure sale or eviction, and thus have not demonstrated that they are likely to suffer irreparable harm if Defendants are given an opportunity to oppose preliminary injunctive relief. Third, even if Defendants violated California law, Plaintiffs have not shown that enjoining foreclosure proceedings would be an appropriate remedy.

//
//
//
//
//
//

2

1    Plaintiffs' request for immediate <u>ex parte</u> relief is therefore
2 DENIED.  If Plaintiffs seek a preliminary injunction, they must
3 serve the summons and complaint on any Defendant against whom
4 relief is sought.  They must then file a properly noticed motion
5 under the Civil Local Rules.  <u>See</u> N.D. Cal. Civ. R. 7-2.

8    IT IS SO ORDERED.

9 Dated: 06/21/10



CLAUDIA WILKEN
United States District Judge

3