IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE HARMS, et al., | No. 10-01598 CW |
| Plaintiffs, | ORDER GRANTING PLAINTIFFS' APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT (Docket Nos. 14, 17 and 20) |
| v. | |
| RECONTRUST COMPANY, N.A., et al., | |
| Defendants. | |

Plaintiffs Dale and Laurie Harms have filed several applications for leave to proceed in forma pauperis (IFP). The matter was decided on the papers. Having considered all of the papers filed by Plaintiffs, the Court GRANTS the applications to proceed IFP and DISMISSES the complaint.

DISCUSSION

A court may authorize a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security. See 28 U.S.C. § 1915(a). Plaintiffs have submitted the required documentation, and it appears from their applications that their assets and income are insufficient to enable them to prosecute the action. Accordingly, their applications to proceed without the payment of the filing fee are GRANTED.

The Court's grant of Plaintiffs' applications to proceed IFP, however, does not mean that they may continue to prosecute their complaint. A court is under a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  Because a dismissal pursuant to § 1915(e)(2)(B) is not a dismissal on the merits, but rather an exercise of the court's discretion under the IFP statute, the dismissal does not prejudice the filing of a paid complaint making the same allegations.  Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Plaintiffs allege that, on March 20, 2010, they received notifications regarding foreclosure proceedings to occur on their home, which is located at 930 W. Cypress Road, Oakley, California. They claim that any such foreclosure proceedings on their home are invalid because Mortgage Electronic Registration Systems, Inc., (MERS), which is listed as the beneficiary on the deed of trust, "does not possess both the 'Security Instrument' (DEED OF TRUST) and the original debt instrument 'Note,' upon which 'MERS' claims the right to foreclose."  Comp. at 2.

Plaintiffs want proof that Recontrust Company (RC) has a perfected interest in the title, has authority to foreclose, has possession of both the note and the security instrument, and is the holder in due course of the note.

Plaintiffs have acquired "the CUSIP/SEC security number that is associated with the Mortgage Note which is proof that it has

2

been converted into a mortgaged backed security, and sold on the stock market." Comp. at 7.

Plaintiffs also assert that "production of a 'certified copy' of the security is a federal crime prosecutable by 20 years in federal prison." Id. They also assert that the lender and servicer of the loan, Bank of New York and BAC Home Loans "have committed securities fraud by selling unregistered securities under 15 U.S.C. §§ 77fff, 77e and 77x and 18 U.S.C. § 894 and 1348." Comp. at 8.

Plaintiffs demand that the Court enjoin and dismiss foreclosure proceedings against the property, rescind loan number 09229913-1, grant a reconveyance of the deed of trust and return all payments Plaintiffs have made on the aforementioned loan.

Plaintiffs' complaint must be dismissed because they fail to allege a cognizable claim upon which relief may be granted. The sections of Title 18, United States Code, which Plaintiffs cite are federal criminal statutes. Plaintiffs, as private citizens, may not bring a criminal action against Defendants. If Plaintiffs believe that Defendants have violated criminal laws, they may complain to the appropriate law enforcement agency. Therefore, any claims Plaintiffs allege under Title 18 of the United States Code are dismissed.

Plaintiffs also attempt to allege a claim for the sale of unregistered securities. Title 15 U.S.C. § 77l creates liability for the sale of unregistered securities in certain circumstances. Raymond v. Merrill Lynch, 1991 WL 520500, *6 (C.D. Cal.). However, standing to bring a private lawsuit is limited to purchasers or

offerees of stock sold.  Smolen v. Deloitte, Haskins & Sells, 921 F.2d 959, 965 (9th Cir. 1990).  From Plaintiffs' allegations, it is apparent that they were neither purchasers nor offerees of the securities at issue.

Lastly, in California, there is no requirement that a trustee or beneficiary produce the original promissory note prior to a non-judicial foreclosure sale.  See, e.g., Pantoja v. Countrywide Home Loans, Inc., 640 F. Supp. 2d 1177, 1186 (N.D. Cal. 2009); Smith v. Wachovia, 2009 WL 1948829, at *3 (N.D. Cal.); Neal v. Juarez, 2007 WL 2140640, *8 (S.D. Cal.) (citing R.G. Hamilton Corp. v. Corum, 218 Cal. 92, 94, 97 (1933); Cal. Trust Co. v. Smead Inv. Co., 6 Cal. App. 2d 432, 435 (1935)).  California Civil Code Sections 2924 through 2924k "provide a comprehensive framework for the regulation of a non-judicial foreclosure sale pursuant to a power of sale contained in a deed of trust."  Knapp v. Doherty, 123 Cal. App. 4th 76, 86 (2004) (quoting Moeller v. Lien, 25 Cal. App. 4th 822, 830 (1994)).  Knapp explains the non-judicial foreclosure process as follows:

> Upon default by the trustor [under a deed of trust containing a power of sale], the beneficiary may declare a default and proceed with a nonjudicial foreclosure sale.  The foreclosure process is commenced by the recording of a notice of default and election to sell by the trustee.  After the notice of default is recorded, the trustee must wait three calendar months before proceeding with the sale.  After the 3-month period has elapsed, a notice of sale must be published, posted and mailed 20 days before the sale and recorded 14 days before the sale.

Knapp, 123 Cal. App. 4th at 86 (citation omitted).  "A properly conducted nonjudicial foreclosure sale constitutes a final adjudication of the rights of the borrower and lender."  Id. at 87.

4

1  In sum, Plaintiffs have not alleged actionable irregularities in
2  the non-judicial foreclosure sale.
3       Thus, the Court dismisses Plaintiffs' complaint as legally
4  frivolous.  This dismissal is without prejudice to Plaintiffs
5  refiling the complaint after paying the full filing fee.  The Case
6  Management Conference set for July 27, 2010 at 2:00 p.m. is
7  vacated.
8       IT IS SO ORDERED.
9  Dated: 10-1598                    _____
                                     CLAUDIA WILKEN
10                                   United States District Judge

**United States District Court**
For the Northern District of California